IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAAMEYAA CANNDUAH, Individually, and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.<br>)<br>) |
| METROPOLITAN DIAGNOSTIC IMAGING, INC. d/b/a ADVANCED MEDICAL IMAGING, INC., HARSHA HATTI and MOQUEET SYED, | ) (JURY TRIAL DEMANDED)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COLLECTIVE ACTION COMPLAINT

MAAMEYAA CANNDUAH ("Plaintiff"), individually and on behalf of all other similarly-situated employees, by and through her undersigned attorneys, hereby brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), and claims in her individual capacity pursuant to federal and Illinois state wage and hour law against METROPOLITAN DIAGNOSTIC IMAGING, INC. d/b/a ADVANCED MEDICAL IMAGING, INC., HARSHA HATTI and MOQUEET SYED (hereinafter collectively referred to as "Defendants"), jointly and severally, their subsidiaries and affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendants, jointly and severally, to redress their severe and pervasive violations of the FLSA by knowingly suffering and/or permitting Plaintiff and other

similarly-situated employees to work in excess of 40 hours in given workweeks without properly compensating them at an overtime premium rate for these overtime hours.

2. Plaintiff brings her FLSA overtime claim as a collective action pursuant to 29 U.S.C. §216(b) on behalf of all employees who worked for Defendants as a technician, medical assistant or other similarly-titled, hourly-paid position in any week during the maximum limitations period.

3. Plaintiff, in her individual capacity, asserts claims against Defendants, Moqueet Syed and Metropolitan Diagnostic Imaging, Inc. d/b/a Advanced Medical Imaging, Inc. ("Syed Defendants") for violations of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §§115 *et seq*. by failing to pay Plaintiff her final compensation at the time of her separation.

4. Plaintiff, also in her individual capacity, asserts claims against the Syed Defendants for violations of federal and Illinois state law by retaliating against her for opposing the Syed Defendants' unlawful wage and hour practices by discharging her from her employment.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit (Exhibit A).

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law and because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §1332(a)(1).

7. This Court has supplemental jurisdiction over Plaintiff's individual state law claim under 28 U.S.C. §1367 because the claim derives from a common nucleus of operative facts.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants conduct business within this District, Plaintiff worked for Defendants in this District, and because the actions and omissions giving rise to the claims pled in this Collective Action Complaint occurred within this District.

**PARTIES**

9. The Representative Plaintiff, Maameyaa Cannduah, is a resident of Bolingbrook, Illinois. The Representative Plaintiff worked for Defendants as a technician at Advanced Medical Imaging, Inc. from approximately November 2016 until May 2017, worked an average of approximately 50 hours per week, and was paid between $17.00 to $21.00 an hour during her employment. Throughout this period, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §203(e)(1) and the IWPCA, 820 ILCS §115/2.

10. The Representative Plaintiff brings this action on behalf of herself and other similarly-situated employees who currently and formerly worked as a technician, medical assistant or any other similarly-titled, hourly-paid position at any time during the three-year period immediately preceding the filing of the Complaint (hereinafter "Violation Period"), for the Defendants (hereafter "Plaintiffs").

11. Defendant, Metropolitan Diagnostic Imaging, Inc. d/b/a Advanced Medical Imaging, Inc. ("AMI"), was a corporation duly organized and existing under Illinois law with two principal places of business, one located at 111 North Wabash, Suite 620, Chicago, Illinois and the other located at 1332 East 47th Street, Chicago, Illinois. AMI provides radiological services to patients throughout Illinois, including this District. AMI is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA and 820 ILCS §115/2 of the IWPCA.

12. During the relevant time period, Defendant, Harsha Hatti ("Hatti") was an owner and operator of AMI. In this capacity, Hatti was involved in the day to day business operations of AMI and had authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation and capital expenditures. At all relevant times, Hatti acted and had responsibility to act on behalf and in the interests of AMI in devising, directing, implementing and supervising the wage and hour practices and policies relating to its employees. As such, at all times hereinafter mentioned, Defendant, Hatti, has been and is an "employer" as defined by 29 U.S.C §203(d) of the FLSA and 820 ILCS §115/2 of the IWPCA.

13. During the relevant time period, Defendant, Moqueet Syed ("Syed") was an owner and operator of owner of AMI. In this capacity, Syed was involved in the day to day business operations of AMI and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiff in this case, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation and capital expenditures. At all relevant times, Syed acted and had responsibility to act on behalf and in the interests of AMI in devising, directing, implementing and supervising the wage and hour practices and policies relating to its employees. As such, at all times hereinafter mentioned, Defendant, Syed, has been and is an "employer" as defined by 29 U.S.C. §203(d) of the FLSA and 820 ILCS §115/2 of the IWPCA.

## FACTUAL BACKGROUND

14. Plaintiffs are individuals who have worked for Defendants as technicians, medical assistants or any other similarly-titled, hourly-paid position during the statutory period. Amongst other things, Plaintiffs all shared similar job titles, training, job descriptions, job requirements and compensation plans. Plaintiffs were all paid an hourly rate of pay.

15. Defendants managed Plaintiffs' work, including the number of hours worked by their technicians, medical assistants and other similarly-titled, hourly-paid positions. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

16. At no time during their employment were Plaintiffs exempt from the FLSA because they did not meet any tests for exemption under federal law or state law.

17. Despite the requirement to do so, Defendants failed to keep accurate records of all time actually worked by the Plaintiffs.

18. Throughout their employment, Plaintiffs worked more than 40 hours in given workweeks without overtime compensation.

19. Specifically, Plaintiffs were not paid an overtime premium (1 ½ times their regular rate of pay) for time worked in excess of 40 hours in given workweeks in violation of the FLSA. To the extent they received pay for time worked in excess of 40 hours, Plaintiffs were only paid their straight-time rate of pay for overtime hours worked.

20. Defendants' failure to pay Plaintiffs time and one-half for all work performed in excess of 40 hours in given workweeks violates the FLSA.

21. At all times relevant, the conduct of Defendants in not paying premium pay for all hours worked over 40 in a week was willful and not in good faith in that among other things:

    a. Defendants knew that they were legally required to pay hourly employees time and one-half for all hours worked over 40 in a week; and

b. Defendants failed to make and maintain true and accurate time records.

22. Defendants are liable to Plaintiffs for actual damages, liquidated damages, punitive damages, reasonable attorneys' fees and costs and equitable relief pursuant to 29 U.S.C. § 216(b).

**FLSA COLLECTIVE ACTION ALLEGATONS**

23. Representative Plaintiff, Maameyaa Cannduah, brings this case as a collective action on behalf of herself and all other similarly-situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, liquidated damages, punitive damages, statutory penalties, attorneys' fees and costs, and other damages owed.

24. The proposed collective class of similarly-situated individuals is defined as:

> All individuals who were employed, or are currently employed, by one or more of the Defendants, their subsidiaries or affiliated companies, as a technician, medical assistant or any other similarly-titled, hourly-paid position at any time during the relevant statute of limitations period.

25. The Representative Plaintiff belongs to the putative collective she seeks to represent because she worked for Defendants as a technician, she was suffered and/or permitted to work more than 40 hours in given workweeks, and she was not paid proper overtime premium wages.

26. Defendants encouraged, suffered and permitted Plaintiffs to work more than forty (40) hours in given workweeks without providing the proper overtime compensation.

27. The FLSA, at 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in 29 U.S.C. § 207(a)(1). However, none of the listed exemptions apply to Plaintiffs.

28. Defendants knew that the Plaintiffs performed work that required overtime compensation to be paid at a premium rate of 1.5 times their hourly-rate of pay. Nonetheless, Defendants

6

operated under a scheme, as described above, to deprive the Plaintiffs of the proper overtime compensation.

29. This action is properly maintained as a collective action because, among other things:

   a. Plaintiffs were paid on an hourly basis;

   b. Plaintiffs worked more than 40 hours in given workweeks;

   c. Defendants did not pay Plaintiffs any premium overtime wages;

   d. Plaintiffs performed similar job duties and had similar job-related responsibilities;

   e. Plaintiffs were subject to similar policies, practices and systems concerning work hours;

   f. Plaintiffs were subject to similar timekeeping policies, practices and systems; and

   g. Plaintiffs were subject to similar same policies, practices and systems concerning overtime hours and wages.

30. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs.

31. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs. The Representative Plaintiff requests that the Court authorize notice to all members of the putative collective action to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

32. The precise number of Plaintiffs should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Plaintiffs as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the putative collective action, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendants' offices.

# COUNT I
## UNPAID WAGES/OVERTIME UNDER THE FLSA
### (29 U.S.C. § 201 *et seq.* – COLLECTIVE ACTION)

33. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

34. At any and all times relevant hereto, Defendants were each an "employer" within the meaning of the FLSA, 29 U.S.C. 203(d).

35. At any and all times relevant hereto, Plaintiffs were "employees" as defined by the FLSA, 29 U.S.C. 203(e)(1).

36. The compensation Defendants paid to Plaintiffs is "wages" as defined by 29 U.S.C. § 203(m).

37. The Representative Plaintiff and the members of the putative collective action are similarly-situated individuals within the meaning of 29 U.S.C. § 216(b).

38. The FLSA, 29 U.S.C. § 207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 in any given workweek. The FLSA provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages, costs, attorneys' fees and other appropriate relief.

39. The FLSA, 29 U.S.C. § 216(b), expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with its requirements.

40. Throughout the relevant period, Defendants were obligated to comply with the FLSA's requirements, Plaintiffs were covered employees entitled to the FLSA's protections, and Plaintiffs were not exempt from receiving wages required by the FLSA for any reason.

41. Defendants violated the FLSA, and acted with reckless disregard of clearly applicable FLSA provisions, by knowingly suffering and/or permitting Plaintiffs to work more than 40 hours in given workweeks without paying them an overtime premium rate for all hours worked in excess of 40 each workweek.

42. Defendants have no good faith justification or defense for the conduct detailed above, or failing to pay Plaintiffs all wages mandated by the FLSA.

WHEREFORE, as a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damagers; thus, Defendants, jointly and severally, are liable to Plaintiffs for actual damages, liquidated damages, punitive damages, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**UNPAID WAGES UNDER ILLINOIS WAGE PAYMENT AND COLLECTION ACT (820 ILCS §§ 115 *et seq.* - PLAINTIFF MAAMEYAA CANNDUAH INDIVIDUALLY)**

43. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

44. Section 2 under Illinois Statute 820 ILCS § 115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties .…"

45. Section 4 of the IWPCA, 820 ILCS § 115/4, provides that every employer shall pay, "All wages earned by an employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

46. Section 5 of the IWPCA, 820 ILCS § 115/5, provides that, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

9

47. Plaintiff, Maameyaa Cannduah, and Defendants entered into an agreement to pay her as a non-exempt employee for all the time she worked, including overtime, as required by the IWPCA.

48. The Syed Defendants violated their agreement with Plaintiff, Maameyaa Cannduah, by failing to pay her for all the time she worked as required by the IWPCA. Specifically, Plaintiff, Maameyaa Cannduah, was not paid full compensation for the work she performed during the last two weeks of her employment.

49. Thus, despite the passage of several weeks since separating Plaintiff, the Syed Defendants have failed to pay her full compensation for the work she performed during the last two weeks of her employment.

50. As a direct and proximate result of the Syed Defendants' unlawful conduct, Plaintiff, Maameyaa Cannduah, has suffered and will continue to suffer lost wages and other damages.

WHEREFORE, the Plaintiff, MAAMEYAA CANNDUAH, by and through her attorneys, STEPHEN ZOURAS, LLP, demands judgment in favor of the Plaintiff and against the Syed Defendants, jointly and severally, for an amount in excess of the jurisdictional limit together with reasonable attorneys' fees, costs and expenses.

### COUNT III
### RETALIATORY DISCHARGE UNDER THE FLSA
### (29 U.S.C. § 215(a)(3) – PLAINTIFF MAAMEYAA CANNDUAH INDIVIDUALLY)

51. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

52. The Syed Defendants knowingly, intentionally and willfully retaliated against Plaintiff, Maameyaa Cannduah, for opposing the Syed Defendants' unlawful wage and hour practices, including their failure to pay overtime wages, by discharging her.

53. The Syed Defendants' violation of Plaintiff's, Maameyaa Cannduah's, rights under the FLSA caused her to suffer financial loss and other compensatory damages including, but not limited to, injury to her career and professional reputation and emotional pain, distress, embarrassment, humiliation, mental anguish and loss of enjoyment of life.

WHEREFORE, the Plaintiff, MAAMEYAA CANNDUAH, by and through her attorneys, STEPHAN ZOURAS, LLP, demands judgment in favor of Plaintiff and against the Syed Defendants, jointly and severally, for an amount in excess of the jurisdictional limit as well as punitive damages and reasonable attorneys' fees, costs and expenses.

## COUNT IV
## RETALIATORY DISCHARGE UNDER ILLINOIS LAW
## (PLAINTIFF MAAMEYAA CANNDUAH INDIVIDUALLY)

54. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

55. The Syed Defendants knowingly, intentionally and willfully retaliated against Plaintiff, Maameyaa Cannduah, for opposing the Syed Defendants' unlawful wage and hour practices, including their failure to pay overtime wages, by discharging her.

56. Under Illinois law, an employer commits retaliatory discharge when:

   (1) The employer discharged the employee;

   (2) The discharge was in retaliation for the employee's activities; and

   (3) The discharge violates a clear mandate of public policy.

*Michael v. Precision Alliance Group, LLC,* 2014 IL 117376, ¶ 31 (2014).

57. The Syed Defendants knowingly, intentionally and directly retaliated against Plaintiff, Maameyaa Cannduah for opposing the Syed Defendants' unlawful wage and hour practices, including their failure to pay overtime wages by discharging her. The Syed Defendants' conduct

was a clear violation of public policy that requires employers to compensate their employees in accordance with federal and state wage and hour laws and protects those individuals who have the courage to speak out when compliance is compromised.

58. The Syed Defendants' violated Plaintiff's, Maameyaa Cannduah's, rights by discharging her for voicing her concerns over their severe and pervasive wage and hour violations, causing her to suffer financial loss and other compensatory damages including, but not limited to, injury to her career and professional reputation and emotion pain, distress, embarrassment, humiliation, mental anguish and loss of enjoyment of life.

WHEREFORE, the Plaintiff, MAAMEYAA CANNDUAH, by and through her attorneys, STEPHAN ZOURAS, LLP, demands judgment in favor of Plaintiff and against the Syed Defendants, jointly and severally, for an amount in excess of the jurisdictional limit as well as punitive damages and reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff, Maameyaa Cannduah, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against the Defendants, jointly and severally, and in favor of the Plaintiff, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and as follows:

- A. Approving this matter to proceed as an FLSA collective action with respect to Count I;

- B. Requiring Defendants to provide names and current (or best known) mail and e-mail addresses of all members of the putative FLSA collective action;

- C. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all members of the putative FLSA collective action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Declare and find that the Defendants, jointly and severally, committed one or more of the following acts:

    i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff and other similarly situated employees; and

    ii. Willfully violated overtime wage provisions of the FLSA.

E. Declare and find that the Syed Defendants committed one or more of the following acts against Plaintiff, Maameyaa Cannduah, in her individual capacity:

    i. Violated provisions of the IWPCA with respect to Count II;

    ii. Willfully retaliated against her in violation of the FLSA with respect to Count III;

    iii. Retaliated against her in violation of Illinois law with respect to Count IV.

F. Granting judgment in favor of Plaintiffs on Count I;

G. Granting judgment in favor of Plaintiff Maameyaa Cannduah, individually, on Counts II, III and IV;

H. Award lost wages, compensatory damages and all overtime pay owed in an amount according to proof;

I. Award liquidated damages;

J. Award pre-judgment interest on all compensatory damages due;

K. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

L. Award punitive damages;

M. Grant leave to amend to add claims under applicable state and federal laws;

N. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

O. Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing; and

P. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, by and through her undersigned counsel, hereby demands a trial by jury in the above-captioned matter.

Dated: June 14, 2017　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Andrew C. Ficzko*
　　　　　　　　　　　　　　　　　　　Andrew C. Ficzko
　　　　　　　　　　　　　　　　　　　James B. Zouras
　　　　　　　　　　　　　　　　　　　Stephan Zouras, LLP
　　　　　　　　　　　　　　　　　　　205 N. Michigan Avenue, Suite 2560
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　312-233-1550
　　　　　　　　　　　　　　　　　　　312-233-1560 f
　　　　　　　　　　　　　　　　　　　aficzko@stephanzouras.com
　　　　　　　　　　　　　　　　　　　jzouras@stephanzouras.com

　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR THE PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on June 14, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                          */s/ Andrew C. Ficzko*